# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL ANTONIO DAVIS,

    Petitioner,

v.                                           CASE NO. 8:08-cv-2498-T-30AEP
                                                CRIM. CASE NO. 8:01-cr-148-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

Before the Court is Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 6), the Government's Response (CV Dkt. 13), and Petitioner's Reply (CV Dkt. 18). After consideration of the aforementioned documents, the Court file, the record of the underlying criminal proceedings, and the applicable law, the Court concludes that Petitioner's § 2255 motion must be DENIED.

## BACKGROUND

On April 24, 2001, Petitioner was indicted in a one-count Indictment charging him with possession of 50 grams or more of cocaine base with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (CR Dkt. 1). Petitioner pled guilty to the charge pursuant to a plea agreement (CR Dkts. 13, 17). The Court accepted Petitioner's guilty plea and adjudicated him guilty on August 23, 2001 (CR Dkt. 21). On February 28, 2002, Petitioner was sentenced to two hundred (200) months imprisonment, to be followed by 60 months supervised release (CR Dkt. 35). Petitioner did not appeal his conviction or sentence.

On June 29, 2005, the government filed a motion to reduce Petitioner's sentence (CR Dkt. 40). On July 11, 2005, this Court granted the government's motion, and reduced Petitioner's sentence to one hundred-forty (140) months imprisonment, with all other terms of the original sentence remaining the same (CR Dkts. 41-42). Petitioner did not appeal his amended sentence.

On December 16, 2008, Petitioner filed a § 2255 motion (CV Dkt. 1). Pursuant to this Court's order (See CV Dkt. 5), Petitioner filed the instant amended § 2255 motion on January 2, 2009 (CV Dkt. 6). In his amended § 2255 motion and reply, Petitioner asserts that he is entitled to be re-sentenced as a non-career offender based on the decisions in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) and *Begay v. United States*, 128 S.Ct. 1581 (2008).

In its response, the Government contends that Petitioner's claim:

1. is time-barred;

2. was waived pursuant to his plea agreement;

3. is barred under the procedural default doctrine;

4. is not cognizable in a § 2255 proceeding; and

5. fails on the merits because *Begay* does not apply retroactively to Petitioner's sentence.

The Court agrees with Respondent's contention that Petitioner's claim is not cognizable under § 2255.[1]

---

[1] Because the Court concludes that Petitioner's claim is not cognizable in this action, the Court declines to address the other contentions in Respondent's response.

**Petitioner's Claim is not Cognizable Under § 2255**

The Government contends, *inter alia*, that Petitioner's claim that he was erroneously sentenced as a career criminal offender is a non-constitutional claim that does not provide a basis for collateral relief. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "[T]he scope of collateral review for other than constitutional claims is markedly narrow." *United States v. Couch*, 896 F.2d 78, 80 (5th Cir. 1990). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

Petitioner's claim that pursuant to *Begay* and *Archer*, he was erroneously sentenced as a career criminal offender is a non-constitutional claim. *See, Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (mistakes in the application of the sentencing guidelines are non-constitutional errors). Consequently, his claim is cognizable in this § 2255 action only if he can demonstrate that 1) his claim "could not have been raised in direct appeal"; and 2) his injury "would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted).

Petitioner's claim that pursuant to *Begay* and *Archer* his sentence should be set aside and reconsidered without the career-offender enhancement is not cognizable in this action. Because Petitioner's status as a career offender "is a non-constitutional issue that [Petitioner] could have raised on direct appeal, it is not cognizable on collateral review under § 2255." *United States v. Coley*, 2009 U.S. App. LEXIS 15607, at *8 (11th Cir. Fla. July 14, 2009). This is so even though *Begay* and *Archer* had not yet been decided when Petitioner was sentenced. *See Coley,* 2009 U.S. App. LEXIS 15607, at *7 ("*Begay* and *Archer* had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal-- just as *Begay* and *Archer* later did.").

## CONCLUSION

If Petitioner was sentenced today, he would no longer be deemed a career offender, and his sentence would be reduced by nearly half. Unfortunately, under the law as it currently exists, the Court determines that it is unable to provide relief to Petitioner pursuant to § 2255.

Accordingly, the Court **ORDERS** that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 6) is **DENIED**.

2. The Clerk of the Court shall enter judgment against Petitioner, terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

4

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on September 8, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Counsel of Record

5