**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL ANTONIO DAVIS,

      Petitioner,

v.                                  CASE NO. 8:08-cv-2498-T-30AEP
                                  CRIM. CASE NO. 8:01-cr-148-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **O R D E R**

Before the Court are Petitioner's Application for Certificate of Appealability (CV Dkt. 24), and "Motion to Stay and Hold Proceedings in Abeyance Pending Disposition of *Hunter v. United States* in the United States Supreme Court" (hereinafter "motion to stay") (CV Dkt. 26) in which Petitioner requests the Court stay its order denying Petitioner's application for certificate of appealability (See CV Dkt. 22 at pgs. 4-5), and hold this case in abeyance pending the Supreme Court's disposition of the petition for writ of certiorari filed in *Hunter v. United States*, United States Supreme Court Case No. 09-122.

Petitioner asserts that under *Begay v. United States*, 128 S.Ct. 1581 (2008) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction for carrying a concealed firearm is not a crime of violence, and therefore he is actually innocent of the career offender enhancement. In light of *Hunter v. United States*, 559 F.3d 1188 (11th Cir.

2009),[1] no certificate of appealability will be granted in this case.

Petitioner asserts that this Court should stay its order denying a certificate of appealability because, in his opinion, "*Hunter* was wrongly decided" (See CV Dkt. 26 at pg. 3), and Mr. Hunter filed a petition for writ of certiorari with the United States Supreme Court. Petitioner submits that this Court should hold these proceedings in abeyance pending the Supreme Court's disposition of *Hunter*. Even if the Supreme Court does grant certiorari in *Hunter*, "[a] grant of certiorari does not constitute new law." *Ritter v. Thigpen*, 828 F.2d 662, 666 (11th Cir. 1987). Moreover, a grant of certiorari does not affect this Court's obligation to follow prior decisions of the Eleventh Circuit Court of Appeals. *See Robinson v. Crosby*, 358 F.3d 1281, 1284 (11th Cir. 2004) ("[T]he grant of certiorari alone is not enough to change the law of this circuit or to justify this Court in granting a stay of execution on the possibility that the Supreme Court may overturn circuit law."). Therefore, the Court concludes that the law in this Circuit, which has not been modified by Supreme Court decision, compels denial of Petitioner's requests to stay this Court's decision denying Petitioner's application for a certificate of appealability, and hold these proceedings in abeyance.

Accordingly, the Court **ORDERS** that:

---

[1] In *Hunter*, the petitioner requested a certificate of appealability and argued that in light of *Begay*, "his due process rights were violated when he was sentenced as an armed career criminal based on two prior convictions for carrying a concealed weapon...[and]...his appellate counsel was ineffective for failing to object to the use of his prior firearms convictions in determining that he was subject to an armed career criminal enhancement." 559 at 1190. The Eleventh Circuit denied petitioner's request for a certificate of appealability because "[n]either argument involves a substantial showing of the denial of a constitutional right." *Id*. The *Hunter* court stated "[a]lthough *Begay* provides good reason to conclude that Hunter was erroneously sentenced as an armed career criminal, a sentencing error alone does not amount to 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2)." *Id*. The *Hunter* court further stated "[a]lthough Hunter presents his arguments for a certificate of appealability as involving a denial of due process and ineffective assistance of counsel, Hunter's sentencing error did not give rise to a violation of the Constitution." *Id*. at 1191.

1.	Petitioner's Application for Certificate of Appealability (CV Dkt. 24) is **DENIED**.

2.	Petitioner's "Motion to Stay and Hold Proceedings in Abeyance Pending Disposition of *Hunter v. United States* in the United States Supreme Court" (CV Dkt. 26) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 14, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Counsel/Parties of Record